**FILED**

**December 3, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 1:04 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jared Shannon | ) Docket No. 2015-06-0052 |
| | ) |
| v. | ) |
| | ) State File No. 88045-2014 |
| United Parcel Service, Inc. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Chief Judge | ) |

---

### Affirmed and Remanded – December 3, 2015

---

The employee alleged that he suffered right shoulder pain at work while attempting to loosen packages that were jammed on a conveyor belt. The employer acknowledged that the employee reported the incident on or about the date of its occurrence, but asserted that he attributed his pain to a prior injury and elected not to report the incident as a work-related accident. No panel of physicians was given and the employee sought treatment on his own. After undergoing surgery and receiving an opinion from his physician that his condition was not work-related, the employee sought a panel of physicians from the employer. The employer refused the request for a panel and denied the claim. Following an expedited hearing, the trial court issued an interlocutory order, concluding that the employee provided proper notice of the alleged work injury but had not come forward with sufficient evidence supporting his claim for medical benefits. Upon a careful review of the record, we affirm.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Julie A. Reasonover, Nashville, Tennessee, for the employee-appellant, Jared Shannon

David Hooper, Brentwood, Tennessee, for the employer-appellee, United Parcel Service, Inc.

1

**Factual and Procedural Background**

The employee, Jared Shannon ("Employee"), a twenty-four-year-old resident of Davidson County, Tennessee, was employed by United Parcel Service, Inc. ("Employer"), as an Outbound Operations Supervisor. On July 31, 2014, he was clearing a package jam from a conveyor belt when a package caught his right arm and jerked him back. He experienced pain in his right shoulder. Employee testified that he immediately notified a colleague, Chase Campbell, who was filling in for Employee's usual supervisor, Joe Paul Tackett. After his shift, he sought treatment at Skyline Medical Center ("Skyline"), where x-rays were taken and his right arm was placed in a sling.

Employee testified that after returning to work following the accident, Lindiwee Phipps, a safety supervisor, asked him why he was wearing a sling. He reported to Ms. Phipps what had occurred. He also discussed the incident with other supervisors, including Mr. Tackett, Leonard Wall, and Eric Ingalls. At the expedited hearing, the parties offered conflicting testimony regarding these conversations. Employee testified that he reported a work injury and was instructed by multiple supervisors at different times to seek short term disability benefits and medical benefits through his group health insurance. Mr. Wall testified, on the other hand, that he specifically asked Employee whether he suffered a work-related injury and Employee replied, "[i]t's not a work-related injury. We don't need to call it in." Mr. Wall further stated that Employee related his pain to a previous motor vehicle accident and that the pain he experienced while working on July 31 was a "residual effect" of that accident. Employee denied he ever told any supervisor that his pain was related to a motor vehicle accident. While he acknowledged the occurrence of a motor vehicle accident in May 2013, he denied suffering any type of injury or symptoms related to his right shoulder as a result.[1] Employer did not provide Employee a panel of physicians.

Pursuant to a referral from emergency room personnel at Skyline, Employee sought treatment at The Hand Care Center and was initially evaluated by physician's assistant Jeff Tinker. Mr. Tinker's August 13, 2014 report indicated that Employee reported, "he injured his right shoulder at work 3 months ago. He states that he reached for a box on a conveyor belt, and his right arm was pulled backwards." Employee denied that he told Mr. Tinker or other personnel at The Hand Care Center that the injury happened three months prior to the visit. An August 18, 2014 MRI of the right shoulder revealed arthritic changes "most typically seen in the setting of repetitive use trauma/injury, typically weightlifting."

---

[1] The record contains inconsistent evidence concerning when the motor vehicle accident occurred. Employee testified that it occurred on May 13, 2013, while Mr. Tinker's August 19, 2014 report and Dr. Haslam's October 1, 2014 report reflect that the motor vehicle accident happened "3 months ago." Neither the written statements submitted by Mr. Ingalls and Mr. Wall nor Mr. Wall's testimony include any reference to when the motor vehicle accident purportedly occurred.

Employee eventually came under the care of Dr. James Haslam at The Hand Care Center. Dr. Haslam's October 1, 2014 report indicated that Employee reported experiencing a right shoulder injury "from an MVA 3 months ago." Employee denied making any such statement. Dr. Haslam recommended a distal clavicle excision, which was performed on October 21, 2014. In the operative report, the pre-operative diagnosis was "degenerative joint disease" and the post-operative diagnosis was "right shoulder os acromiale."

In a report dated January 6, 2015, Dr. Haslam evaluated Employee's post-surgical status and commented, "[i]t is my opinion that this is not a work-related injury given his initial intake form and history."[2] This is the only expert medical causation opinion offered into evidence by either party.

On February 5, 2015, Employee filed a Petition for Benefit Determination, seeking an order for a panel of physicians. Following unsuccessful mediation efforts, a Dispute Certification Notice was filed on March 31, 2015, listing "Medical Benefits" as a disputed issue. The Dispute Certification Checklist also indicated that compensability of the claim, Employee's alleged preexisting condition, and notice were disputed issues. Employee then filed a Request for Expedited Hearing and the court conducted an evidentiary hearing on October 14, 2015. On October 19, 2015, the court issued an Expedited Hearing Order Denying Medical Benefits, finding that, although Employee gave proper notice of a work-related accident, he had not come forward with sufficient evidence from which the trial court could conclude that he would likely prevail at a hearing on the merits with respect to the issue of medical causation. Employee filed a notice of appeal, and the record was received by the Clerk of the Workers' Compensation Appeals Board on November 24, 2015.

**Standard of Review**

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;
(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;

---

[2] The initial intake form from Dr. Haslam's office was not admitted into evidence.

(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

In general, an employee bears the burden of proof on all prima facie elements of his or her workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). At an expedited hearing, however, an employee need not prove every element of his or her claim by a preponderance of the evidence but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2014). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6.

In his brief on appeal, Employee argues that he met two criteria establishing his entitlement to a panel of physicians: (1) that he sustained an injury arising primarily out of and in the course and scope of employment and (2) that he provided proper notice of the accident to Employer. With respect to the issue of notice, the trial court rejected Employer's argument that Employee's report of pain while performing work activities was insufficient notice of a work-related accident. In reviewing the testimony in this case, we find it incongruous for Employer to communicate to its employees that "no injury is too small to report," yet take the position that Employee's specific report of pain in his right shoulder while clearing a jam on a conveyor belt was insufficient to constitute notice of a work accident. Thus, we affirm the trial court's finding that proper notice of a work accident was given.

However, with respect to Employee's argument that he has come forward with sufficient evidence of an injury arising primarily out of and in the course and scope of employment, we agree with the trial court that Employee has not met his burden at this interlocutory stage. The statute provides that an injury "'arises primarily out of and in the course and scope of employment' *only* if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the

4

injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B) (2015) (emphasis added). At the expedited hearing, Employee had the burden to come forward with sufficient evidence from which the trial court could conclude that Employee is likely to prove his medical condition, identified as "right shoulder os acromiale," arose primarily from the work accident of July 31, 2014. The expert medical opinion included in the record is contrary to Employee's position on this issue. Thus, the evidence does not preponderate against the trial court's determination that Employee is not likely to prevail at a hearing on the merits based on the evidence submitted.

## Conclusion

We find that the trial court's order does not violate any of the standards identified in Tennessee Code Annotated section 50-6-217(a)(3) (2015). Therefore, the order is affirmed and the case is remanded to the trial court for any further proceedings that may be necessary.

**Timothy W. Conner, Judge**
**Workers' Compensation Appeals Board**

5

**FILED**

**December 3, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 1:04 P.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jared Shannon | ) | Docket No. 2015-06-0052 |
| | ) | |
| v. | ) | |
| | ) | State File No. 88045-2014 |
| United Parcel Service, Inc. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of December, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Julie Reasonover | | | | | X | Julie@jstillman.com |
| David Hooper | | | | | X | dhooper@hooperzinn.com |
| Kenneth M. Switzer, Chief Judge | | | | | X | via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov